**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| GLOBAL AGILITY SOLUTIONS, INC. | § § § | |
| V. | § § | 1:20-MC-0314-RP-AWA (S.D. Ind. No. 1:19-CV-987-TWP) |
| MELISSA BARKER | § | |

**ORDER**

Before the Court is Non-Party Global Agility Solutions, Inc.'s Motion to Quash an Out of State Subpoena, filed on March 24, 2020. Dkt. No. 1.  The motion was referred to the undersigned for resolution.  Global Agility moves pursuant to Rule 45 to quash a subpoena (Dkt. 1-1) served by Melissa Barker, Plaintiff in the underlying action *Melissa Baker v. Kapsh Trafficcom USA, Inc. and Gila, LLC*, Case No. 1:19-CV-987-TWP-MJD in the United States District Court for the Southern District of Indiana, Indianapolis Division.

The underlying suit is a putative class action challenging certain toll fees for the RiverLink Toll Bridges, which are part of the tolling system for multiple major bridges over the Ohio River that connect Kentucky and Southern Indiana.  *See* Case No. 1:19-CV-987 (Am. Compl., Dkt. No. 35). Petitioner Global Agility, which is not a party to that suit, received a subpoena from Plaintiff Melissa Barker on March 10, 2020. Dkt. 1-1.  The subpoena requests production of documents for inspection and copying at the offices of Defendants' legal counsel in Indianapolis, Indiana. *Id.* at 4.

Global Agility argues that because its sole physical presence is in Austin, Texas, the subpoena should be quashed because it requires compliance beyond the 100-mile geographical limit set forth in Rule 45(c). Dkt. 1 at 1-2. It also objects that the subpoena requires disclosure of confidential commercial information that is subject to a non-disclosure agreement between Global

Agility and Gila, LLC, a defendant in the underlying case. *Id.* at 2. The Court, however, believes that this matter should be transferred to the Southern District of Indiana, where the underlying case is being heard.

The Court's analysis in deciding disputes regarding out-of-district subpoenas is governed by Rule 45. *Paws Up Ranch, LLC v. Green*, 2013 WL 6184940, at *1 (D. Nev. Nov. 22, 2013). Generally speaking, Rule 45 requires that disputes related to non-party subpoenas be resolved locally, to avoid imposing undue travel or expense burdens on non-parties who are challenging a subpoena. *See, e.g.,* FED. R. CIV. P. 45(d)(2)(B)(i) (directing that motions to compel be filed in "the district in which compliance is required"). Effective December 1, 2013, however, a significant change was made to Rule 45 through the addition of a new subsection, which states:

> (f) **Transferring a Subpoena-Related Motion**. When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances.

FED. R. CIV. P. 45(f). The Advisory Committee's comments to the amendment indicate that "transfer to the court where the action is pending is sometimes warranted," when the interests in having the issuing court decide the dispute "outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." *Id.* The Committee notes that "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." *Id.*; *Gaddis v. Garrison Prop. and Cas. Co.*, 2016 WL 3081067, at *2 (W.D. Tex. May 31, 2016). This is such a case.

As noted, the underlying case is pending in the Southern District of Indiana. It appears to be a potentially complex class action. The underlying case has been on file since March 2019, and the court there has been immersed in the dispute for some time. It is currently considering extensive briefing on class certification. The Indiana court has already issued several orders addressing discovery disputes. *See* Case No. 1:19-CV-987 (Dkt. Nos. 58, 59, 70, 117). It has also issued a series of protective orders and orders directing that certain materials should be sealed. *See id.* Dkt. Nos. 113, 123, 127, 170, 188, 194, 198. This Court, meanwhile, has no familiarity with the details of the case, the scope of discovery, or the special protection that may be required for certain evidence.

All of these factors supports the conclusion that exceptional circumstances warrant transferring this motion to Indiana. Moreover, transfer of this motion will foster the interests of fairness, consistency, judicial economy, and speed of resolution. Uniformity of rulings in a complex case is critical to achieving fairness to the parties and non-parties. The court in the Southern District of Indiana has been dealing with this dispute for over a year, and with the discovery and sealing issues for several months. Any ruling this Court might issue could easily disrupt the Indiana court's management of the underlying litigation, both procedurally and substantively.

Finally, any inconvenience that may be caused to Global Agility by transfer will be minor, at most. In the current pandemic environment most federal courts are conducting hearings via video conference, and electronic filing of documents has been the norm in federal court for more than a decade. Moreover, the actual production of records nearly always takes place electronically, either by uploading documents to a secure cloud-based discovery site, or by sending the documents in electronic form on a storage device to the requesting party. Nothing about transfer of the motion to

the court presiding over this case will cause Global Agility the sort of inconvenience or expense that would warrant this Court refraining from transferring the case.

It is therefore **ORDERED** that Global Agility's Motion to Quash an Out of State Subpoena (Dkt. No. 1) is **TRANSFERRED** to the United States District Court for the Southern District of Indiana, Indianapolis Division.  It is **FURTHER ORDERED** that this matter is **CLOSED**.

SIGNED this 14th day of May, 2020.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE